UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:14-CV-4-KKC

ERIC FRIEDLANDER                                                                    PLAINTIFF

v.                                 **OPINION & ORDER**

JAMES FIGUERADO,
ST. THOMAS GLEN RESORTS, LLC, and
FIFTH THIRD BANK, INC.                                        DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the motion of the plaintiff, Eric Friedlander, to remand this action to Fayette Circuit Court and for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) [DE #3]. This motion is fully briefed and is ripe for review. For the reasons set forth below, the motion will be granted in part and denied in part.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Friedlander filed his original Complaint against the Defendants, James Figuerado ("Figuerado"), St. Thomas Glen Resorts, LLC (the "LLC"), and Fifth Third Bank ("Fifth Third")in Fayette Circuit Court on November 27, 2013 [DE #1-1]. A First Amended Complaint was subsequently filed against the same Defendants on December 19, 2013 [DE #1-2]. In the First Amended Complaint, Friedlander asserts claims against Fifth Third for fraud, breach of fiduciary duty, interference with a prospective business advantage, breach of implied covenant of good faith and fair dealing, aiding and abetting fraud, and gross negligence. He also asserts a claim against Figuerado, the majority member of the LLC, for breach of fiduciary duty. Finally, Friedlander asserts claims against the LLC for breach of contract and for an accounting.

1

There is no dispute that Friedlander is a Kentucky citizen, Figuerado is a Florida citizen, the LLC has Kentucky and Florida citizenship, and Fifth Third is an Ohio citizen. Nevertheless, on January 2, 2014, Fifth Third filed its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, alleging that that this Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Friedlander and the *properly* joined defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. [DE #1][1]. Specifically, Fifth Third contends that the LLC has been fraudulently joined to defeat diversity jurisdiction and thus its citizenship should not be considered for diversity purposes. Alternatively, Fifth Third contends that the LLC is only a nominal party whose citizenship is not considered when determining diversity jurisdiction.

Friedlander has filed a timely motion to remand [DE #3]. He contends that this Court lacks subject matter jurisdiction over this case as there is not complete diversity of citizenship between the parties. Specifically, he argues that he has a colorable cause of action against the LLC in state court, that his claims against the LLC are not derivative, and that Fifth Third has not produced clear and convincing evidence that he cannot establish a cause of action against the LLC under Kentucky law. In addition to a remand to state court, Friedlander also moves for an award of attorneys' fees and costs under 28 U.S.C. § 1447(c).

## II. FRAUDULENT JOINDER

A case may only be removed to federal court if it could have been originally brought in

---

[1] In its Notice of Removal, Fifth Third states that "[u]ndersigned counsel has contacted counsel for the other Defendants, and they have indicated their consent to removal" [DE #1, pg. 11]. Based on *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004), a representation contained in the notice of removal that a co-defendant consents to removal is sufficient to satisfy the unanimity requirement of 28 U.S.C. § 1441(a).

2

federal court, and as there is no federal question in this case, jurisdiction is only proper if the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a), 1441(a). As the party invoking jurisdiction, the defendants have the burden of proving diversity jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

Friedlander, a Kentucky citizen, filed this action in state court. It is undisputed that the LLC is also a citizen of Kentucky, and therefore, complete diversity of citizenship does not exist under 28 U.S.C .§ 1332(a)(1). The issue, then, is whether the LLC was fraudulently joined so as to defeat diversity jurisdiction. The burden is on the defendants to show fraudulent joinder, and as with any dispute over removal, all doubts are to be resolved against removal. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, the removing party must present clear and convincing evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *Alexander*, 13 F.3d at 949; *Parker v. Crete Carrier Corp.*, 941 F.Supp. 156, 159 (E.D.Ky 1996). The Sixth Circuit has explained the relevant considerations in analyzing a claim of fraudulent joinder as follows:

> [T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the nonremoving party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th (citations omitted).

Thus, the question before the Court is not whether the plaintiff will prevail at trial on their claims against the LLC or whether the Court believes that LLC was joined to defeat diversity. *See*

3

*Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)(holding that a plaintiff's motive in joining a non-diverse defendant is "immaterial to our determination regarding fraudulent joinder"). The question is whether, resolving all ambiguities in favor of Friedlander, the defendants have shown there is no colorable basis for predicting that he could prevail against the non-diverse LLC in state court.

When deciding issues of fraudulent joinder, the Court must "apply a test similar to, but more lenient [to a plaintiff] than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). . "[T]he benefit of the doubt given a plaintiff as a party of the fraudulent joinder inquiry should be more deferential than even that given under Rule 12(b)(6)." *See Little v. Purdue Pharma., L.P.*, 227 F.Supp.2d 838, 845 (S.D.Ohio 2002). In reviewing allegations of fraudulent joinder, the Court may "pierce the pleading" and consider evidence normally reserved for summary judgment, such as affidavits submitted by the parties. *Id*. However, [t]he court may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Id.* (quoting *Walker v. Phillip Morris USA, Inc.*, 443 Fed.Appx 946, 955-56 (6th Cir. 2011).

### III. ANALYSIS

While Friedlander's Amended Complaint asserts several causes of action, his two claims against the LLC are relevant to this motion. Specifically, Count VIII of the First Amended Complaint asserts a claim against the LLC for breach of contract. This Count alleges as follows:

> 96. Pursuant to Section 6 of the Amended Operating Agreement, "[t]o the extent there are funds available for distribution after reserves for proper financial management, and such distributions are allowed by covenants with its lender, the [LLC] will make at least an annual distribution to the Members based upon their respective interest in the

4

[LLC]."

97. Pursuant to Section 7(e) of the Amended Operating Agreement, Friedlander had the right ". . . to review the books and records of the business in accordance with the Operating Agreement . . ." and is entitled to ". . . a Member's consulting fee based upon the units owned[.]" Section 8(a) of the Amended Operating Agreement states that the books and records of the LLC must be kept at the principal office of the LLC, and ". . . . shall be open to reasonable inspection and examination by the Members . . . ."

98. Section 8(d) of the Amended Operating Agreement requires the LLC to furnish a report to each Member, including Friedlander, of the net profits or losses of the LLC with a statement indicating the Member's share in the profits or losses for such year. Friedlander, as a Member of the LLC, is also entitled to such additional information from the LLC as may be reasonably required in preparing his own state and federal income tax returns.

99. Furthermore, Section 9(b) of the Amended Operating Agreement requires the LLC to provide the financial information requested by Friedlander regarding the prospective purchaser (Figuerado) of the majority interest in the LLC, and then to allow Friedlander and others forty-five (45) days within which to review the information prior to choosing to elect or not to elect to exercise their right of first refusal to buy the interest.

100. Section 9(f) of the Amended Operating Agreement required all cash belonging to the LLC to be deposited solely in the accounts of the LLC and for the benefit of the LLC.

101. The LLC breached the Amended Operating Agreement, including but not limited to the provisions identified above, by not maintaining open access to the books and records of the LLC for the benefit of the Members, including Friedlander; not keeping the books and records of the LLC at the LLC's principal place of business as required by the Amended Operating Agreement; not paying dividends and/or distributions to Friedlander as required by the Amended Operating Agreement; not paying a Member's consulting fee to Friedlander required by the Amended Operating Agreement; not furnishing the financial reports and other information relevant to taxation to which Friedlander was entitled for purposes of preparing and filing his state and federal tax returns; and not providing the information requested

> by Friedlander necessary to his evaluation of Figuerado's purchase of a majority interest in the LLC. Furthermore, upon information and belief, the LLC breached the Amended Operating Agreement by not maintaining all cash belonging to the LLC in the LLC's accounts for the benefit of the LLC.

[DE #1-2]. Friedlander's claim for an accounting in Count IX against the LLC alleges as follows:

> 104. Due to the LLC's failure to disclose and furnish reports and information related to the profits and losses of the LLC and other information necessary for Friedlander to prepare his federal and state tax returns as well as maintain the books and records of the LLC in the location and manner required by the Amended Operating Agreement, Friedlander is entitled to a full and fair accounting of the LLC during the relevant time period including through to the present.
>
> 105. Friedlander is also entitled to the Accounting demanded herein by virtue of his Membership in the LLC.

[DE #1-2].

The issue, then, is whether the defendants have established, by clear and convincing evidence, that Friedlander cannot establish a cause of action against the LLC under Kentucky law. In support of this argument, Fifth Third first argues that the LLC has been fraudulently joined because Friedlander has released all his claims against the LLC and Figuerado. Fifth Third points to a Consent and Authorization Agreement, dated November 7, 2008, between Figuerado and the LLC, and signed by Friedlander, states "The Members hereby release any and all claims which the Members may have against the Buyer [Figuerado], the Company [the LLC] and Fifth Third Bank, and each of their agents, officers, directors and shareholders, and attorneys" [DE #5-8]. Fifth Third also points to Section 9.6 of the November 7, 2008 Loan Assumption and Modification Agreement, also signed by Friedlander, which provides that the "Minority Company Members [including Friedlander] and the Company each agree . . . to unconditionally release, aquit and forever discharge

6

each other" [DE #5-9]. Friedlander, however, argues that he signed these agreements under circumstances of extreme economic duress. Whether or not this purported waiver is enforceable is a factual dispute and cannot be part of the fraudulent joinder analysis.

Next, Fifth Third argues that the LLC was fraudulently joined because Friedlander cannot establish a cause of action against the LLC under Kentucky law. Fifth Third contends that Figuerado, as the Managing Member, had the authority to control certain affairs of the LLC and that all of Friedlander's claims should be against Figuerado, not the LLC. While the Amended Operating Agreement indeed vested Figuerado with authority and responsibility over certain affairs of the LLC, the Kentucky Limited Liability Act makes clear that "[a] limited liability company is a legal entity separate and distinct from its members." KRS 271.010(2). Furthermore, a Kentucky limited liability company "....shall have the powers to do all things necessary or convenient to carry out its business and affairs." KRS 275.010(1). The Amended Operating Agreement acknowledges the independent power and separateness of the LLC in Section 6, providing:

> To the extent there are funds available for distribution after reserves for proper financial management, and such distributions are allowed by covenants with its lender, the Company will make at least an annual distribution to the Members based on their respective interest in the Company.

[DE #1-2, Section 6]. Under this provision, the LLC, not the manager is duty-bound to make, at a minimum, annual distributions to its members assuming the availability of funds. Any failure by the LLC to make the required distributions to a member places the member in a position of a creditor of the LLC, and, under KRS 275.235, creates a cause of action against the LLC arising from the obligation. This is precisely the claim that Friedlander is asserting in Count VIII of his First Amended Complaint. Accordingly, Friedlander has asserted a colorable cause of action against the

7

LLC for failure to pay distributions as required by the Amended Operating Agreement. As a result, Fifth Third has failed to show, by clear and convincing evidence, that Friedlander does not have a colorable claim against the LLC under state law.

Finally, Fifth Third argues that this Court has subject matter jurisdiction over this action because the LLC is only a nominal party and Friedlander's claims against it are derivative in nature. A shareholder derivative action "is a lawsuit brought by a shareholder on behalf of a corporation. Generally, a shareholder can only sue on behalf of a corporation when the corporation has a valid cause of action, but has refused to use it . . . if the suit is successful, the proceeds go to the corporation, not to the shareholder who brought the suit." Legal Information Institute, Cornell University Law School, (http.//ww.law.cornell.edu/wex/shareholder_deriviative_suit). Construing the First Amended Complaint most favorably to Friedlander, the Court finds that his breach of contract and accounting claims are not derivative in nature because he is seeking recovery on his own behalf rather than on behalf of the LLC. The cases Fifth Third relies upon in support of its argument that the LLC is a nominal party are simply not relevant to this matter. Fifth Third has cited no caselaw requiring this Court to find that the citizenship of a limited liability company can be ignored in a lawsuit by a member seeking to enforce his or her individual rights against the company.

Instead, Kentucky law specifically provides that a failure by a limited liability company to make required distributions to a member places the member is a position of a creditor of the company, and creates a cause of action arising from the obligation. Specifically, KRS 275.235 provides:

> At the time a member becomes entitled to receive a distribution, the member shall have the status of, and shall be entitled to all remedies available to, a creditor of the limited liability company with respect to distribution.

KRS 275.235. Under this statute, if Friedlander successfully enforces his right against the LLC to obtain the consulting fee authorized by Section 7(e) of the Amended Operating Agreement, the LLC will be liable for paying the fee, and the resulting judgment will be for the benefit of Friedlander, not the LLC. While Fifth Third argues that Friedlander's claims are essentially against Figuerado, not the LLC, one of the fundamental purposes of a limited liability company is to immunize its members and managers from personal liability for debts, obligations, and/or other liability of the limited liability company arising in contract, tort or otherwise. *See* KRS 275.150. This limitation on liability may only be eliminated by the terms of the Operating Agreement.

> Ky.Rev.Stat.Ann 275.150 emphatically rejects personal liability for an LLC's debt unless the member or members, as the case may be, have agreed through the operating agreement or another written agreement to assume personal liability. Any such assumption of personal liability, which is contrary to the very business advantage reflected in the name "limited liability company," must be stated clearly in unequivocal language which leaves no room for doubt about the parties' intent.

*See Racing Inv. Fund 2000, LLC v. Clay Ward Agency, Inc.*, 320 S.W.3d 654, 659 (Ky. 2010). In this case, the members and manager of the LLC did not clearly or unequivocally assume personal liability for the LLC's obligations. In fact, the Amended Operating Agreement provides:

> No Manager or Member shall be liable to the LLC or its Members for monetary damages for any act or omission in such person's capacity as a Manager or Member, except as provided in the Act. If the Act is amended to provide greater protections to Managers and Members, then the limitation on liability of the Manager or Member shall be extended to the greater protection.

[DE #1-2, Section 12(c)]. For these reasons, Friedlander's claims against the LLC are not derivative and the LLC is a real party in interest, not a nominal defendant.

For all these reasons, Fifth Third has failed to establish diversity jurisdiction. Accordingly, Friedlander's motion to remand will be granted and this matter will be remanded to Fayette Circuit

Court.

## IV. FRIEDLANDER'S MOTION FOR ATTORNEYS' FEES AND COSTS

Friedlander seeks to recover his attorneys' fees and costs associated with filing this motion under 28 U.S.C. § 1447(c). This statute allows the Court to exercise its discretion to require Fifth Third to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In order to justify such an award, "[a]bsent unusual circumstances, [a court] may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. Here, although Fifth Third's arguments regarding nominal defendants and fraudulent joinder came up short, the Court cannot say that the arguments were "objectively unreasonable." Accordingly, the Court will decline to exercise its discretion to award attorneys' fees and costs to Friedlander.

## V. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

(1) Friedlander's motion to remand [DE #3] is **GRANTED IN PART** to the extent that this matter is **REMANDED** to the Fayette Circuit Court; and **DENIED** in all other respects;

(2) the Clerk of the Court is directed to mail a certified copy of this Opinion & Order to the Fayette Circuit Court Clerk;

(3) this matter is **DISMISSED** and **STRICKEN** from the active docket.

This April 30, 2014.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY